UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, DISTRICT LODGE 4, LOCAL LODGE S25, | ) ) ) ) ) | |
| Plaintiff | ) ) | 2:18-cv-00121-GZS |
| v. | ) ) | |
| JDD, INC., | ) ) | |
| Defendant | ) | |

## RECOMMENDED DECISION ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES

Defendant JDD, Inc. (Defendant) seeks to recover the attorneys' fees it incurred in defending against the motion to vacate an arbitration award filed by Plaintiff International Association of Machinists and Aerospace Workers, District Lodge 4, Local Lodge S25 (Plaintiff). (Motion, ECF No. 26.)

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court deny Defendant's motion.

### BACKGROUND

Plaintiff and Defendant are parties to a collective bargaining agreement (CBA). Under the CBA, the parties agreed to arbitrate a dispute regarding the termination of the employment of William Mattis, an employee of Defendant. On March 24, 2017, Plaintiff filed a grievance contesting the termination. The parties presented the matter to an

arbitrator, who, on December 29, 2017, found that Mr. Mattis' employment had been terminated in accordance with the CBA after his leave of absence had expired following a workplace injury. (ECF No. 19-24.)

Plaintiff subsequently asked this Court to vacate the award. (Complaint, ECF No. 1.) Plaintiff argued that the arbitrator made unsupported factual findings, mischaracterized the nature of the dispute, misapplied the law, and improperly interpreted or rewrote the terms of the CBA. (ECF Nos. 20 & 22.) Plaintiff focused, in part, on the terms of the CBA's leave of absence provision, which states:

> An Employee desiring leave of absence from his employment shall secure written permission from the Employer. The maximum leave of absence shall be for (90) days. An extension of up to six (6) months may be granted when required by mutual agreement between the employee and Employer. Permission for leave must be secured from the Employer with a copy mailed to the Union. Granting of leave of absence shall be for the following reasons, sickness, death in the immediate family and *in the case of compensation injuries of occupational disease*. …

(ECF No. 19-1, CBA Article 11, Section 7 (emphasis added).)

The arbitrator concluded that Article 11 governed Mr. Mattis's leave. A leave of absence under the terms of Article 11 is available for "sickness, death in the immediate family and in the case of compensation injuries of occupational disease." The arbitrator reasoned that the concluding phrase, "in the case of compensation injuries of occupational disease" undoubtedly contained a typographical error and should be read as "in the case of compensation injuries *or* occupational disease," and thus applied to Mr. Mattis's leave. The arbitrator, therefore, determined that Defendant terminated Mr. Mattis's employment and insurance coverage in accordance with the CBA. (ECF No. 19-24, at 10 – 14.)

2

After review of the record, I recommended the Court deny Plaintiff's request to vacate the arbitration award. (Recommended Decision, ECF No. 23.) I concluded: "[T]he arbitrator's interpretation of the contract was within his authority and represents a reasonable interpretation of the contract." (*Id*., PageID # 278.) I further reasoned:

> To give meaning to the language as written – "in the case of compensation injuries of occupational disease" – is challenging. In construing Article 11, the arbitrator did not, as Plaintiff argues, impermissibly ignore the plain language or rewrite the agreement. The arbitrator's interpretation of the language of Article 11 was within his authority and constituted a "plausible" interpretation of the agreement.

(*Id*., PageID # 278-9 (citation omitted).)

The Court affirmed the Recommended Decision and denied Plaintiff's motion to vacate the arbitration award (Order Affirming Recommended Decision, ECF No. 24), and judgment was subsequently entered on the Court's order. (Judgment, ECF No. 25.) Plaintiff now asks the Court to order Defendant to pay Plaintiff's attorney fees.

## DISCUSSION

Defendant argues that Plaintiff lacked any reasonable or legitimate grounds on which to challenge the arbitrator's award. Defendant contends that when Plaintiff commenced this action based solely on its disagreement with the conclusions reached by the arbitrator, Plaintiff "nullif[ied] the advantages" of arbitration by "spinning out the arbitral process unconscionably through the filing of [a] meritless suit." (Defendant's Motion, ECF No. 26, PageID # 284, quoting *Dries & Krump Mfg. Co. v. Int'l Ass'n of Machinists & Aerospace Workers Dist. No. 8*, 802 F.2d 247, 255-56 (7th Cir. 1986).)

The First Circuit "has long lamented the 'exasperating frequency' with which arbitration awards are appealed." *N. New England Tel. Operations LLC v. Local 2327, Int'l Bhd. of Elec. Workers*, *AFL-CIO*, 735 F.3d 15, 25 (1st Cir. 2013) (citing *Posadas de P.R. Assocs., Inc. v. Asociación Empleados de Casino de P.R.*, 821 F.2d 60, 61 (1st Cir. 1987)). In actions to vacate or enforce an arbitrator's award pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, "an award of costs and fees is available as a matter of federal common law …." *N. New England*, 735 F.3d at 24. A court has discretion in such matters "'to award attorney fees to the prevailing party when the losing party litigated the matter despite the fact that it was unable to present any rational arguments in support of its position.'" *Painters & Allied Trades Dist. Council No. 35 v. Ipswich Bay Glass Co.*, 2004 WL 1212078, at *7 (D. Mass. June 2, 2004) (quoting *Int'l Ass'n of Heat & Frost Insulators v. Thermo-Guard Corp.*, 880 F. Supp. 42, 48 (D. Mass. 1995)).

"[T]he standard for awarding costs and fees under Rule 11 is substantially the same as that of section 301 actions." *N. New England*, 735 F.3d at 24. A court "may order a deviation from the American Rule of attorney's fees when it 'determines that the losing party has acted in bad faith, vexatiously, or for oppressive reasons….'" *Unitil Corp. v. Utility Workers of Am. Local 341*, 2017 WL 5068344, at *12 (D. Me. Nov. 2, 2017) (quoting *Local 285, Serv. Empls. Int'l Union, AFL-CIO v. Nonotuck Res. Assocs., Inc.*, 64 F.3d 735, 737 (1st Cir. 1995)). The "term 'vexatious' means that the losing party's actions were frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Local 285*, 64 F.3d at 737 (internal quotations omitted).

"[J]udicial review of arbitration awards is 'among the narrowest known in law.'" *N. New England*, 735 F.3d at 21 (quoting *Me. Cent. R.R. Co. v. Bhd. of Maint. of Way Emps.*, 873 F.2d 425, 428 (1st Cir. 1989)). Courts, however, "should be careful not to chill parties' good-faith challenges to arbitration awards where there are serious questions of the tribunal's impartiality or authority …." *DigiTelCom, Ltd. V. Tele2Sverig AB*, 2012 U.S. Dist. LEXIS 105896, *18-19 (S.D.N.Y. July 25, 2012).

The issue central to Plaintiff's motion to vacate was the arbitrator's interpretation of Article 11 of the CBA. More specifically, Plaintiff argued in part that the arbitrator improperly "rewrote" the CBA when he read Article 11 to permit a leave of absence "in the case of compensation injuries or occupational diseases rather than in the case of compensation injuries of occupational diseases as written in Article 11." (Plaintiff's Brief, ECF No. 20, PageID # 241-2.)

Although I determined that the "arbitrator's interpretation of the language of Article 11 was within his authority and constituted a 'plausible' interpretation…" (Recommended Decision, PageID # 278-9), I cannot fairly characterize Plaintiff's claim as "wholly 'frivolous, unreasonable, or without foundation.'" *N. New England*, 735 F.3d at 25 (quoting *Local 2322, Int'l Bhd. of Elec. Workers v. Verizon New England, Inc.*, 464 F.3d 93, 100 (1st Cir. 2006)). That is, when an arbitrator arguably modifies a written agreement between parties, in most cases, a subsequent challenge to the decision is understandable. "The line between frivolous arguments and merely unpersuasive ones is fine," and while Plaintiff was ultimately unsuccessful, its contention that the arbitrator impermissibly

5

modified, rather than interpreted, the CBA "was at least colorable." *See N. New England*, 735 F.3d at 25. Defendant, therefore, is not entitled to an award of attorney fees.

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court deny Defendant's request for attorneys' fees. (ECF No. 26.)

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 15th day of May, 2019.